**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 6:24-CV-81-H |
| v. | ) | |
| | ) | **DEFENDANTS' ANSWER** |
| U.S. DEPARTMENT OF THE | ) | |
| INTERIOR; U.S. FISH AND WILDLIFE | ) | |
| SERVICE; DOUGLAS BURGUM,[1] in his | ) | |
| official capacity as SECRETARY OF THE | ) | |
| INTERIOR; PAUL SOUZA,[2] in his | ) | |
| official capacity as ACTING DIRECTOR OF | ) | |
| THE U.S. FISH AND WILDLIFE SERVICE, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

Defendants the U.S. Department of the Interior, the U.S. Fish and Wildlife Service ("FWS"), Douglas Burgum, in his official capacity as Secretary of the Interior, and Paul Souza, in his official capacity as Acting Director of FWS (collectively "Defendants"), by and through the undersigned attorneys, hereby respond to the allegations raised against them in the Complaint and Petition for Review filed by the State of Texas ("Plaintiff"). The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint.

1.     The allegations in the first sentence of Paragraph 1 consist of characterizations of Plaintiff's suit, which require no response. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence purport to characterize *Endangered and Threatened Wildlife and Plants; Endangered Species Status With Critical Habitat for Guadalupe*

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Douglas Burgum is substituted for Deb Haaland.
[2] Pursuant to Fed. R. Civ. P. 25(d), Paul Souza is substituted for Martha Williams.

*Fatmucket, Texas Fatmucket, Guadalupe Orb, Texas Pimpleback, Balcones Spike, and False Spike, and Threatened Species Status With Section 4(d) Rule and Critical Habitat for Texas Fawnsfoot*, 89 Fed. Reg. 48034 (June 4, 2024) ("Final Rule"), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third and fifth sentences purport to characterize Plaintiff's Exhibits 1 and 2, which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning. The allegations in the fourth sentence purport to characterize *Endangered and Threatened Wildlife and Plants; Endangered Species Status With Critical Habitat for Guadalupe Fatmucket, Texas Fatmucket, Guadalupe Orb, Texas Pimpleback, Balcones Spike, and False Spike, and Threatened Species Status With Section 4(d) Rule and Critical Habitat for Texas Fawnsfoot*, 86 Fed. Reg. 47916 (August 26, 2021) ("Proposed Rule"), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

2.      The allegations in the first sentence of Paragraph 2 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. Defendants deny the allegations in the second sentence of Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

6.      Defendants lack sufficient information or knowledge to formulate a belief as to the truth of the allegations in the first and second sentences of Paragraph 6 and deny them on that

basis. The allegations in the third, fourth, and fifth sentences of Paragraph 6 consist of characterizations of Plaintiff's suit, which require no response. To the extent a response is required, Defendants deny the allegations. The allegations in the sixth sentence of Paragraph 6 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

7.    Defendants lack sufficient information or knowledge to formulate a belief as to the truth of the allegations in Paragraph 7 and deny them on that basis.

8.    The allegations in the first sentence of Paragraph 8 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations. Defendants lack sufficient information or knowledge to formulate a belief as to the truth of the remaining allegations in Paragraph 8 and deny them on that basis.

9.    The allegations in the first sentence of Paragraph 9 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations. Defendants lack sufficient information or knowledge to formulate a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 9 and deny them on that basis. The allegations in Paragraph 9 also purport to characterize Plaintiff's Exhibits 3 and 4, which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with the documents' plain language, context, and meaning.

10.    The allegations in Paragraph 10 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

11.    The allegations in the first sentence of Paragraph 11 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegations in the second sentence of Paragraph 11. In response to the

3

allegations in the third sentence of Paragraph 11, Defendants admit only that the Secretary of the Interior has delegated authority to administer the Endangered Species Act ("ESA") with respect to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. Defendants deny the remaining allegations in the third sentence of Paragraph 11.

12.     In response to the allegations in the first sentence of Paragraph 12, Defendants deny that Debra Haaland is the Secretary of the Interior and aver that Douglas Burgum is the Secretary of the Interior. The remaining allegations in the first sentence of Paragraph 12 consist of characterizations of Plaintiff's suit, which require no response. To the extent a response is required, Defendants deny the allegations. In response to the allegations in the second sentence of Paragraph 12, Defendants admit only that the Secretary of the Interior has responsibility for implementing and fulfilling certain duties of the Department of the Interior, including administering the ESA with respect to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in the second sentence of Paragraph 12 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

13.     In response to the allegations in the first sentence of Paragraph 13, Defendants deny that Martha Williams is the Director of FWS and aver that Paul Souza is the Acting Director of FWS. The remaining allegations in the first sentence of Paragraph 13 consist of characterizations of Plaintiff's suit, which require no response. To the extent a response is required, Defendants deny the allegations. The remaining allegations in Paragraph 13 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

14.     The allegations in Paragraph 14 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

15.    The allegations in Paragraph 15 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

16.    In response to the allegations in the first sentence of Paragraph 16, Defendants admit only that, on August 27, 2024, the Secretary of the Interior received by email a letter dated August 27, 2024, notifying her of Plaintiff's intent to file a lawsuit alleging claims under the ESA. The remaining allegations in the first sentence of Paragraph 16 purport to characterize the August 27, 2024 letter, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with the letter's plain language, context, and meaning. In response to the allegations in the second sentence of Paragraph 16, Defendants aver that, on October 28, 2024, FWS sent Plaintiff a letter by email responding to Plaintiff's August 27, 2024, letter. The remaining allegations in the second sentence of Paragraph 21 purport to characterize the October 28, 2024 letter, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with the letter's plain language, context, and meaning. The allegations in the third sentence of Paragraph 16 purport to characterize Plaintiff's Exhibit 5, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

17.    The allegations in Paragraph 17 purport to characterize the Endangered Species Act ("ESA"), 16 U.S.C. § 1531(b), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

18.    The allegations in Paragraph 18 purport to characterize the ESA, 16 U.S.C. §§ 1532(6), (20), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

5

19.    The allegations in Paragraph 19 purport to characterize the ESA, 16 U.S.C. § 1532(16), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

20.    The allegations in Paragraph 20 purport to characterize the ESA, 16 U.S.C. § 1533(a)(1), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

21.    The allegations in Paragraph 21 purport to characterize the ESA, 16 U.S.C. § 1533(b)(1)(A), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

22.    The allegations in Paragraph 22 purport to characterize the ESA, 16 U.S.C. § 1533(b)(8), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

23.    The allegations in the first sentence of Paragraph 23 purport to characterize the ESA, 16 U.S.C. § 1533(b)(1)(A), and the ESA's implementing regulations, 50 C.F.R. § 424.11(g), which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning. The allegations in the second and third sentences of Paragraph 23 purport to characterize *Policy for Evaluation of Conservation Efforts When Making Listing Decisions*, 68 Fed. Reg. 15,100 (Mar. 28, 2003) (codified at 50 C.F.R. ch. IV) ("PECE") which speaks for itself and provide the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in footnote 1 purport to characterize the PECE which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

24.     The allegations in Paragraph 24 purport to characterize the PECE, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

25.     The allegations in Paragraph 25 purport to characterize the PECE, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

26.     The allegations in Paragraph 26 purport to characterize the PECE, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

27.     The allegations in Paragraph 27 purport to characterize the PECE, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

28.     The allegations in Paragraph 28 purport to characterize the ESA, 16 U.S.C. § 1533(a)(1)(B), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

29.     The allegations in the first sentence of Paragraph 29 purport to characterize the ESA, 16 U.S.C. § 1532(19), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the second sentence of Paragraph 29 purport to characterize the ESA's implementing regulations, 50 C.F.R. § 17.3, which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning. The allegations in the third sentence of Paragraph 29 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents.

Defendants deny any allegations inconsistent with its plain language, context, and meaning.

30.     The allegations in Paragraph 30 purport to characterize the ESA's implementing regulations, 50 C.F.R. § 17.3, which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

31.     The allegations in the first sentence of Paragraph 31 purport to characterize the ESA's implementing regulations, 50 C.F.R. § 17.31, which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning. The allegations in the second sentence of Paragraph 31 purport to characterize the ESA, 16 U.S.C. § 1533(d), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third sentence of Paragraph 31 purport to characterize *Endangered and Threatened Wildlife and Plants; Regulations for Prohibitions to Threatened Wildlife and Plants*, 84 Fed. Reg. 44,753, 44,755 (Aug. 27, 2019) (codified at 50 C.F.R. pt. 17), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

32.     The allegations in Paragraph 32 purport to characterize the ESA, 16 U.S.C. § 1533(a)(3)(A)(i), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

33.     The allegations in the first and second sentences of Paragraph 33 purport to characterize the ESA, 16 U.S.C. § 1532(5)(A), (C), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third sentence of Paragraph 33 purport to

characterize the decision in *Weyerhaeuser Co. v. U.S. Fish and Wildlife Serv.*, 586 U.S. 9, 19 (2018), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

34.    The allegations in Paragraph 34 purport to characterize the ESA, 16 U.S.C. § 1533(b)(2), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

35.    The allegations in Paragraph 35 purport to characterize the ESA, 16 U.S.C. § 1533(b)(4), (7), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

36.    The allegations in Paragraph 36 purport to characterize the ESA, 16 U.S.C. § 1533(b)(5), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in footnote 2 purport to characterize the ESA, 16 U.S.C. § 1532(18), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

37.    The allegations in Paragraph 37 purport to characterize the ESA, 16 U.S.C. § 1533(b)(6), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

38.    The allegations in Paragraph 38 purport to characterize the ESA, 16 U.S.C. § 1533(b)(6), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

39.    The allegations in Paragraph 39 purport to characterize the ESA, 16 U.S.C. § 1533(b)(6)(B)(ii), which speaks for itself and provides the best evidence as to its contents.

Defendants deny any allegations inconsistent with its plain language, context, and meaning.

40.    The allegations in Paragraph 40 purport to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551(4), 553, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

41.    The allegations in the first and second sentences of Paragraph 41 purport to characterize the APA, 5 U.S.C. § 553(b)(3), (c), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third, fourth, fifth, and sixth sentences of Paragraph 41 purport to characterize the decision in *Mock v. Garland*, 75 F.4th 563, 583 (5th Cir. 2023), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

42.    The allegations in the first sentence of Paragraph 42 purport to characterize the APA, 5 U.S.C. § 702, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the second, third and fourth sentences of Paragraph 42 purport to characterize the APA, 5 U.S.C. § 706(2), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

43.    The allegations in Paragraph 43 purport to characterize the decision in *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

44.    The allegations in Paragraph 44 and footnote 3 purport to characterize the National

Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m-11, and its implementing regulations, 40 C.F.R. §§ 1500.1(a), 1500.3 (2020), which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

45.     The allegations in the first sentence of Paragraph 45 purport to characterize NEPA, 42 U.S.C. §§ 4332(C), and its implementing regulations, 40 C.F.R. §§ 1500.1(b) (2020), which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning. The second sentence of Paragraph 45 purports to characterize NEPA's implementing regulations, 40 C.F.R. § 1508.1(q) (2022), which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

46.     The allegations in Paragraph 46 purport to characterize NEPA's implementing regulations, 40 C.F.R. §§ 1501.5(c)(1), 1501.6(a) (2020), which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning. The allegations in footnote 4 purport to characterize NEPA's implementing regulations, 40 C.F.R. § 1501.5(a), which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

47.     The allegations in Paragraph 47 purport to characterize the Final Rule which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

48.     The allegations in Paragraph 48 purport to characterize the Final Rule which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations

inconsistent with its plain language, context, and meaning.

49.     The allegations in Paragraph 49 purport to characterize the Final Rule which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning

50.     The allegations in Paragraph 50 purport to characterize the Final Rule which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

51.     The allegations in Paragraph 51 purport to characterize the Final Rule which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

52.     The allegations in Paragraph 52 purport to characterize the Final Rule which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

53.     The allegations in Paragraph 53 purport to characterize the Final Rule which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

54.     The allegations in Paragraph 54 purport to characterize the Final Rule which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

55.     The allegations in Paragraph 55 purport to characterize the Final Rule which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

56.     Defendants lack sufficient information or knowledge to formulate a belief as to the

truth of the allegations in the first sentence of Paragraph 56 and deny them on that basis. The allegations in the second and third sentences of Paragraph 56 purport to characterize the Texas Parks and Wildlife Code, §§ 67.002(a), 68.003(a), 78.006(a), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the fourth sentence of Paragraph 56 purport to characterize the Texas Admin Code, 31 Tex. Admin. Code §§ 65.175, 65.176, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the fifth sentence purport to characterize Plaintiffs' Exhibit 6, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

57.    The allegations in the first sentence of Paragraph 57 purport to characterize the Texas Parks and Wildlife Code, § 78.002(a), and the Texas Administrative Code, 31 Tex. Admin. Code § 57.157(a), which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning. The allegations in the second sentence of Paragraph 57 purport to characterize the Texas Administrative Code, 31 Tex. Admin. Code §§ 57.157(a)(2), 65.171(b)(2), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third, fourth, and fifth sentences of Paragraph 57 purport to characterize the Texas Parks and Wildlife Code, §§ 12.301, 67.005, 78.007, and the Texas Administrative Code, 31 Tex. Admin. Code §§ 65.177(1), which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

58.     Defendants lack sufficient information or knowledge to formulate a belief as to the truth of the allegations in Paragraph 58 and deny them on that basis.

59.     Defendants lack sufficient information or knowledge to formulate a belief as to the truth of the allegations in the first sentence of Paragraph 59 and deny them on that basis. The remaining allegations in Paragraph 59 purport to characterize Plaintiff's Exhibit 7, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

60.     The allegations in Paragraph 60 purport to characterize Plaintiff's Exhibit 7, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

61.     Defendants lack sufficient information or knowledge to formulate a belief as to the truth of the allegations in the first sentence of Paragraph 61 and deny them on that basis. The allegations in the second sentence of Paragraph 61 purport to characterize Plaintiff's Exhibit 8, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third sentence of Paragraph 61 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

62.     The allegations in Paragraph 62 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

63.     The allegations in Paragraph 63 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations

inconsistent with its plain language, context, and meaning.

64.     The allegations in Paragraph 64 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

65.     Defendants admit the allegations in the first sentence of Paragraph 65. The allegations in the second sentence of Paragraph 65 purport to characterize Plaintiff's Exhibit 7, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third sentence of Paragraph 65 purport to characterize Plaintiff's Exhibit 8, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in footnote 5 characterize the Proposed Rule's docket, FWS-R2-ES-2019-0061, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in footnote 6 characterize Plaintiff's Exhibit 7, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in footnote 7 purport to characterize comment letters in Plaintiff's Exhibit 8 from the Brazos River Authority, Guadalupe-Blanco River Authority, Lower Colorado River Authority ("LCRA") & LCRA Transmission Services Corporation, Upper Guadalupe River Water Authority, which speak for themselves and provides the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning. The allegations in footnote 8 purport to characterize a comment letter in Plaintiff's Exhibit 8 from Pacific Legal Foundation, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain

language, context, and meaning. The allegations in footnote 9 purport to characterize a comment letter in Plaintiff's Exhibit 8 from Texas Public Policy Foundation, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in footnote 10 purport to characterize a comment letter in Exhibit 8 from Texas and Southwestern Cattle Raisers Association, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

66.     The allegations in the first sentence of Paragraph 66 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. Defendants deny the remaining allegations in Paragraph 66.

67.     The allegations in Paragraph 67 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

68.     The allegations in Paragraph 68 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

69.     The allegations in Paragraph 69 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

70.     The allegations in Paragraph 70 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

71.    The allegations in Paragraph 71 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

72.    Defendants deny the allegations in Paragraph 72.

73.    The allegations in Paragraph 73 and footnote 11 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

74.    The allegations in Paragraph 74 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

75.    The allegations in Paragraph 75 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

76.    Defendants deny the allegations in the first sentence of Paragraph 76. The allegations in the second sentence of Paragraph 76 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

77.    Defendants deny the allegations in the first and second sentences of Paragraph 77. The remaining allegations in Paragraph 77 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in footnote 12 purport to characterize the Texas Public Policy Foundation Comment Letter in Plaintiff's Exhibit 8, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations

inconsistent with its plain language, context, and meaning.

78.     The allegations in Paragraph 78 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

79.     Defendants deny the allegations in the first sentence of Paragraph 79. The allegations in the second sentence of Paragraph 79 purport to characterize *Endangered and Threatened Wildlife and Plants: Notice of Interagency Cooperative Policy for Endangered Species Act Section 9 Prohibitions*, 59 Fed. Reg. 34,272 (July 1, 1994) ("Section 9 Policy"), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

80.     The allegations in Paragraph 80 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

81.     Defendants deny the allegations in Paragraph 81. The allegations in footnote 13 purport to characterize the LCRA comment letter in Plaintiff's Exhibit 8, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

82.     The allegations in Paragraph 82 purport to characterize the ESA, 16 U.S.C. §§ 1533(b)(6)(A)(i), 1533(b)(6)(B)(i)-(ii), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

83.     Defendants deny the allegations in the first and third sentences of Paragraph 83. Defendants admit the allegations in the second sentence of Paragraph 83. In response to the

allegations in the fourth and fifth sentences of Paragraph 83, Defendants admit only that the Final Rule was published in the Federal Register on June 4, 2024. The remaining allegations in the fourth and fifth sentences of Paragraph 83 contain legal conclusions which require no response. The allegations in the last sentence of Paragraph 83 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the last sentence of Paragraph 83 and footnote 14 also purport to characterize *Endangered and Threatened Wildlife and Plants; Lesser-Prairie Chicken; Threatened Status With Section 4(d) Rule for the Northern Distinct Population Segment and Endangered Status for the Southern Distinct Population*, 87 Fed. Reg. 72,674, 72,716 (Nov. 25, 2022), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

84.    The allegations in the first sentence of Paragraph 84 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the second sentence of Paragraph 84 purport to characterize the Final Rule and the ESA, 16 U.S.C. § 1538(a)(1), which speak for themselves and provides the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

85.    The allegations in Paragraph 85 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

86.    The allegations in Paragraph 86 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

87.     The allegations in the first and third sentences of Paragraph 87 contain legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 87 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the fourth sentence of Paragraph 87 contain characterizations of Plaintiff's suit which requires no response. To the extent a response is required, Defendants deny the allegations. The allegations in footnote 15 purport to characterize a comment letter from National Wildlife Foundation, et al., dated October 25, 2021, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

88.     The allegations in the first sentence of Paragraph 88 contain legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 88 purport to characterize the ESA, 16 U.S.C. § 1533(d), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third sentence of Paragraph 88 are too vague and ambiguous to permit a meaningful response, and Defendants deny the allegations on that basis.

89.     The allegations in the first and second sentences of Paragraph 89 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third sentence of Paragraph 89 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations. The allegations in footnote 16 purport to characterize comment letters in Plaintiff's Exhibit 8, which speak for

themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

90.    The allegations in Paragraph 90 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

91.    The allegations in Paragraph 91 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

92.    The allegations in Paragraph 92 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

93.    The allegations in Paragraph 93 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

94.    The allegations in Paragraph 94 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

95.    The allegation in Paragraph 95 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

96.    The allegations in Paragraph 96 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

97.     The allegations in Paragraph 97 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

98.     The allegations in Paragraph 98 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

99.     The allegations in Paragraph 99 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

100.    The allegations in Paragraph 100 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

101.    The allegations in Paragraph 101 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

102.    The allegations in Paragraph 102 purport to characterize the Texas Commission on Environmental Quality's Comment Letter in Plaintiff's Exhibit 7, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

103.    The allegations in the first, second, and third sentences of Paragraph 103 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The remaining allegations in Paragraph 103 contain legal conclusions which require no response. To

the extent a response is required, Defendants deny the allegations.

104.    The allegations in Paragraph 104 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

105.    The allegations in Paragraph 105 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in footnote 17 purport to characterize the ESA, 16 U.S.C. § 1536(a)(4), which speaks for itself and provides the best evidence as to its content. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

106.    The allegations in Paragraph 106 purport to characterize the Texas Commission on Environmental Quality's Comment Letter in Plaintiff's Exhibit 7, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. Footnote 18 purports to characterize the PLF Comment Letter and the TPPF Comment Letter, which speak for themselves and provides the best evidence as to their content. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

107.    The allegations in the first and second sentences of Paragraph 107 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third sentence of Paragraph 107 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations. Footnote 19 provides the citations to court decisions in *Home Builders Ass'n of N. Cal. v. U.S. Fish and Wildlife*

*Serv.*, 616 F.3d 983 (9th Cir. 2010), cert. denied, 562 U.S. 1217 (2011) and *Ariz. Cattle Growers' Ass'n v. Salazar*, 606 F.3d 1160 (9th Cir. 2010), cert. denied, 562 U.S. 1216 (2011), which speak for themselves and provide the best evidence as to their content. Defendants deny any allegations inconsistent with the plain language, context, and meaning of those court decisions.

108.    The allegations in Paragraph 108 purport to characterize the Proposed Rule and Final Rule, which speak for themselves and provide the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

109.    The allegations in the first sentence of Paragraph 109 purports to characterize the Proposed Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the second sentence of Paragraph 109 purports to characterize *Endangered and Threatened Wildlife and Plants; Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat*, 85 Fed. Reg. 81,411, 81,411 (Dec. 16, 2020) (codified at 50 C.F.R. pt. 424), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

110.    The allegations in Paragraph 110 purport to characterize Executive Order No. 13,999 sec. 2, 86 Fed. Reg. 7037 (Jan. 20, 2021), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

111.    The allegations in the first sentence of Paragraph 111 purport to characterize *Endangered and Threatened Wildlife and Plants; Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat*, 86 Fed. Reg. 59,353 (Oct. 27, 2021) (to be codified at 50 C.F.R. pt.424), which speaks for itself and provides the best evidence as to its contents. Defendants

deny any allegations inconsistent with its plain language, context, and meaning. The remaining allegations in Paragraph 112 purport to characterize *Endangered and Threatened Wildlife and Plants; Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat*, 87 Fed. Reg. 37,757 (June 24, 2022) (codified at 50 C.F.R. pt. 424), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in footnote 20 purport to characterize the Proposed Rule, 86 Fed. Reg. at 49,916, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

112.    The allegations in Paragraph 112 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants deny the allegations in the first sentence of Paragraph 114. The allegations in the second sentence of Paragraph 114 purport to characterize the ESA, 16 U.S.C. § 1533(b)(6)(A)(ii), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the third sentence of Paragraph 114 purport to characterize the ESA, 16 U.S.C. § 1533(b)(6)(C)(ii) and the Proposed Rule, which speak for themselves and provides the best evidence as to their contents. Defendants deny any allegations inconsistent with their plain language, context, and meaning.

115.    In response to the allegations in the first sentence of Paragraph 115, Defendants admit only that the proposed critical habitat designation was published in the Federal Register on

August 26, 2021. The remaining allegations in the first sentence of Paragraph 115 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning. The allegations in the second and fourth sentences of Paragraph 115 contain legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations. In response to the allegations in the third sentence of Paragraph 115, Defendants admit only that the final critical habitat designation was published in the Federal Register on June 4, 2024. The remaining allegations in the first sentence of Paragraph 115 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

116.    Defendants deny the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 purport to characterize Executive Order 13,132, 64 Fed. Reg. 43,255 (August 4, 1999), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

118.    The allegations in Paragraph 118 purport to characterize Executive Order 13,132, 64 Fed. Reg. 43,255 (August 4, 1999), which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

119.    Defendants deny the allegations in the first and third sentences of Paragraph 119. The allegations in the second sentence of Paragraph 119 purport to characterize the Final Rule, which speaks for itself and provides the best evidence as to its contents. Defendants deny any allegations inconsistent with its plain language, context, and meaning.

120.    Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 119 of the Answer.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

123.    In response to the allegations in Paragraph 129, Defendants admit only that the Final Rule was published in the Federal Register on June 4, 2024. Defendants deny the remaining allegations in Paragraph 123.

124.    Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 119 of the Answer.

125.    Defendants deny the allegations in Paragraph 125.

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

129.    In response to the allegations in the first sentence of Paragraph 129, Defendants admit only that the Final Rule was published in the Federal Register on June 4, 2024. Defendants deny the remaining allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 119 of the Answer.

132.    Defendants deny the allegations in Paragraph 132.

133.    The allegations in Paragraph 133 contain legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, which requires no response. To the extent a response is required, Defendants deny that they have violated the ESA, the APA, NEPA, or any other law, and deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been admitted or responded to, Defendants deny any and all such allegations.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    To the extent that the Court lacks subject matter jurisdiction over the claims in the Complaint, those claims should be dismissed.

3.    To the extent that Plaintiff lacks standing to raise their claims, those claims should be dismissed.

4.    Defendants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

WHEREFORE, Defendants pray that this Court dismiss Plaintiff's Complaint with prejudice, grant judgment in favor of Defendants, and grant other such relief as the Court deems just and appropriate.

Dated: February 7, 2025          Respectfully submitted,

LISA L. RUSSELL, Deputy Assistant Attorney General
S. JAY GOVINDAN, Section Chief
NICOLE M. SMITH, Assistant Section Chief

*/s/ Elizabeth Kirby*
ELIZABETH KIRBY, Trial Attorney

28

Texas Bar No. 24104199
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0339
Email: Elizabeth.Kirby@usdoj.gov

*/s/ Astrid Stuth Cevallos*
ASTRID STUTH CEVALLOS, Trial Attorney
Maryland Bar No. 2106150073
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-5751
Email: Astrid.Cevallos@usdoj.gov