UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

STATE OF TEXAS,

    Plaintiff,

v.

U.S. DEPARTMENT OF THE
INTERIOR, et al.,

    Defendants.

No. 6:24-CV-081-H

# SCHEDULING ORDER

## I.   Summary of Critical Deadlines and Dates

| | |
|---|---|
| Joinder of Parties (¶ 2) | August 15, 2025 |
| Amendment of Pleadings (¶ 3) | August 15, 2025 |
| Administrative Record (¶ 6) | See ¶ 3 |
| Dispositive Motions (¶ 4) | See ¶ 4 |

## II.   Scheduling Instructions

Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case. Unless otherwise ordered or modified by this Order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed.

The Court has attempted to adhere to the schedule requested by the parties. In so doing, the Court assumes that the parties thoroughly discussed scheduling issues prior to submitting their status report and that the parties understand that the deadlines imposed in this Order are firmly in place, absent the few exceptions set forth below.

1. **Joinder of Parties:** By August 15, 2025, all motions requesting joinder of additional parties shall be filed. Except when parties are joined by amendment pursuant to paragraph two of this Order, parties may be joined only upon motion to the Court.

2. **Amendment of Pleadings:** Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b), (e), or (f), whichever is earlier." When this time period expires or the party already has amended the pleading, this provision no longer applies, and an amendment falls under Rule 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) then provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Parties may file one amended pleading, as of course, by August 15, 2025. The amending party shall attach as an exhibit to the amended complaint a redlined version of the complaint specifying the new or altered portions. The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended-pleading deadline. After August 15, 2025, a party may amend the pleadings only with the opposing party's written consent or with leave of court, upon a showing of good cause. Plaintiffs who amended their complaint without leave of court and before serving the defendant must obtain the defendant's written consent or leave of court before filing another amended complaint.

3. **Administrative Record:** The defendants shall assemble a provisional administrative record and transmit it to the plaintiff by no later than July 14, 2025. The

plaintiff shall identify to the defendants, in writing, any issues regarding the provisional administrative record by no later than August 11, 2025. If any issues with the administrative record exist, the parties shall meet and confer regarding those issues by no later than August 25, 2025. By no later than September 22, 2025, the defendants shall transmit to the plaintiff and lodge with the Court (1) the entire administrative record in this case and (2) an affidavit authenticating the administrative record and certifying its completeness. The plaintiff shall file any objections or motions to complete, supplement, or amend the administrative record by no later than October 27, 2025. If the plaintiff believes that discovery is needed to supplement or amend the administrative record, it shall move for leave to do so by October 27, 2025, with a copy of the specific discovery sought. If the plaintiff makes such a motion, the defendants shall file their response by no later than November 24, 2025, and the defendants shall reply by no later than December 15, 2025.

4. **Dispositive Motions:** The plaintiff shall file its motion for summary judgment by no later than December 5, 2025, not to exceed 35 pages. The defendants shall file their combined cross-motion for summary judgment and response to the plaintiff's motion by no later than January 30, 2026, not to exceed 45 pages. The plaintiff shall file its combined reply in support of its motion and response to the defendants' cross-motion by no later than March 6, 2026, not to exceed 40 pages. The defendants shall file their reply in support of their cross-motion by no later than April 3, 2026, not to exceed 30 pages. These page-length restrictions do not include the table of contents and table of authorities.

In the event that a party has made any motion regarding the administrative record, a party may move to vacate or extend the dispositive-motions deadlines.

So ordered on April 2, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE