# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | |
| U.S DEPARTMENT OF THE INTERIOR; U.S. FISH AND WILDLIFE SERVICE; DOUGLAS BURGUM, in his official capacity as SECRETARY OF THE INTERIOR; and BRIAN NESVIK, in his official capacity as DIRECTOR OF THE U.S. FISH AND WILDLIFE SERVICE, | § § § § § § § § § | Case No. 6:24-CV-81-H |
| *Defendants*. | § § | |

## STATE OF TEXAS'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE RESPONSE TO APPLICANT FOR INTERVENTION'S NOTICE OF CASE DEVELOPMENTS RELEVANT TO PENDING MOTION TO INTERVENE

Plaintiff, the State of Texas (Texas), requests leave to file a short response to the Center for Biological Diversity's (Center) Notice of Case Developments Relevant to Pending Motion to Intervene (Notice), ECF 50. The Notice introduces new arguments supporting the Center's renewed request. As such, Texas should be allowed to respond to such arguments presented outside of the motion practice established by Local Rule 7.1.

## BACKGROUND

Texas brought this suit to challenge the U.S. Fish and Wildlife Service's (Service) listing seven species of freshwater mussel as threatened or endangered, establishing critical habitat, and implementing protective regulations (Final Rule). *Endangered and Threatened Wildlife and Plants; Endangered Species Status With Critical Habitat for Guadalupe Fatmucket, Texas Fatmucket,*

*Guadalupe Orb, Texas Pimpleback, Balcones Spike, and False Spike, and Threatened Species Status With Section 4(d) Rule and Critical Habitat for Texas Fawnsfoot*, 89 Fed. Reg. 48,034 (June 4, 2024).

The Center filed a Motion to Intervene on May 23, 2025, arguing, *inter alia*, that Defendants do not adequately represent their interests in this litigation. ECF 14-1 at 18-20. The Court denied the Motion on September 15, 2025, stating that the Center had failed to rebut the presumption of adequate representation. ECF 23 at 8. Unsatisfied with the Court's decision, the Center filed a "renewed" Motion to Intervene on March 2, 2026, again arguing that Defendants would not represent their interests in defending the Final Rule. ECF 35. Defendants responded to the renewed motion on March 18, 2026, ECF 37, and Texas filed its response on March 23, 2026, ECF 38 & 39. The Center filed its reply to both responses on April 1, 2026. ECF 42. The renewed motion remains pending before this Court.

On April 17, 2026, Defendants filed a Motion for Voluntary Remand in order to reconsider the Final Rule. ECF 43. In support of their request, "the Service concede[d] that it did not demonstrate that it considered all existing conservation efforts in accordance with 16 U.S.C. § 1533(b)(1)(A) or 16 U.S.C. § 1533(a)(1)(D)." ECF 44 at 6 (citation modified). Defendants' motion was silent as to vacatur, prompting Texas to file a response urging this Court to not only remand the Final Rule but to also vacate it entirely. ECF 48. Defendants' reply is due May 15, 2026.

The Center filed its Notice on May 6, 2026. ECF 50. In doing so, the Center argued—for the first time—that "defendants' Motion for Voluntary Remand eliminates any doubt as to whether they adequately represent the Center's interests in this case." *Id.* at 2. The Center further asserted that it should "be permitted to intervene as of right to set forth its position on the defendants'

Motion for Remand as well as plaintiff's argument for vacatur." *Id*. Notably, the Center neither sought leave of Court nor conferred with the parties prior to filing the Notice.

## ARGUMENT

Texas requests leave to file a short response to the Notice as it introduces new arguments to support the Center's pending intervention request. "Our adversarial system of justice requires that we give both sides full and fair opportunity to present their strongest possible arguments to the court." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 772 (5th Cir. 2024) (*Ga. Firefighters*). Texas acknowledges—through no fault of its own—that this briefing falls outside of the well-established procedures found in the Local Rules. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (mem. op.) ("Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant."). Therefore, Texas submits this request out of an abundance of caution.

Briefing on the Center's renewed Motion to Intervene concluded on April 1, 2026, when the Center filed its reply. Seemingly prompted by Defendants' Motion for Voluntary Remand and Texas's response thereto, the Center filed effectively a second or supplemental reply, arguing for the first time that "[r]egardless of what arguments the parties have made in their past filings on intervention, defendants' Motion for Voluntary Remand eliminates any doubt as to whether they adequately represent the Center's interests in this case." ECF 50 at 2. Such approach is highly disfavored by this Court. *See Lacher*, 147 F. Supp. 2d at 539 ("The court . . . only permits pleadings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances.").

Because new arguments were asserted for the first time in the Notice, "the district court must either give [Texas] an opportunity to respond or decline to rely on the new arguments and

evidence." *Ga. Firefighters*, 99 F.4th at 774. Failure to do so would amount to an abuse of discretion. *See Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022) ("[A] district court abuses its discretion when it considers new arguments raised for the first time in a reply brief without providing the non-movant an adequate opportunity to respond prior to a ruling.") (citation modified); *RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020) (per curiam) ("[A] district court may consider arguments and evidence raised for the first time in a reply brief without abusing its discretion so long as it gives the non-movant an adequate opportunity to respond prior to a ruling.") (citation modified).

To the extent that Texas's proposed response may be viewed as a sur-reply, it is nonetheless proper. "In this judicial district, a sur-reply is 'appropriate only when the movant raises new legal theories or attempts to present new evidence at the reply stage, and only when a party seeks leave of court to file a surreply.'" *Nat'l Liab. & Fire Ins. Co. v. Young*, No. 6:19-CV-031-H, 2020 WL 6119912, at *1 (N.D. Tex. Apr. 24, 2020) (quoting *Comstock v. City of Balch Springs*, No. 3:17-CV-344-B, 2017 WL 2791113, at *1 (N.D. Tex. May 18, 2017)). "[T]he decision to allow a sur-reply lies within the district court's discretion." *Ga. Firefighters*, 99 F.4th at 774 (quoting *Butler v. Porter*, 999 F.3d 287, 297 (5th Cir. 2021)).

Both elements required for sur-replies are satisfied here. First, the Center has raised new information—that Defendants' Motion for Voluntary Remand indicates a divergence in interests—in the Notice, which effectively is a second or supplemental reply filed without leave. And second, Texas—through this Motion—seeks leave of Court to file its response to the Notice. This is not "a strategic effort by the nonmovant to have the last word on a matter." *Lacher*, 147 F. Supp. 2d at 539.

4

Instead, it is a warranted effort by Texas to ensure a full and fair opportunity to respond to the Center's newly raised arguments.

## CONCLUSION

Because the Center has raised new arguments in its Notice, fairness requires that Texas be given a chance to respond. Texas therefore respectfully requests that the Court grant its Motion for Leave and to allow Texas to file the proposed response included with the Motion.

Dated: May 8, 2026.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

*/s/ Wesley S. Williams*
WESLEY S. WILLIAMS
Assistant Attorney General
Texas Bar No. 24108009
Wesley.Williams@oag.texas.gov

CLARK C. REEDER
Assistant Attorney General
Texas Bar No. 24118678
Clark.Reeder@oag.texas.gov

CLAUDIA GUTIERREZ
Assistant Attorney General
Texas Bar No. 24140101
Claudia.Gutierrez@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
(512) 463-2012 | Fax: (512) 320-0911

**COUNSEL FOR PLAINTIFF
STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, a copy of the foregoing document was electronically filed in the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all attorneys in this case.

*/s/ Wesley S. Williams*
WESLEY S. WILLIAMS